Filed 9/19/16  Salinas v. Bank of New York Mellon CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| NORMA SALINAS, | |
| Plaintiff and Appellant, | E060651 |
| v. | (Super.Ct.No. RIC1307554) |
| BANK OF NEW YORK MELLON et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Edward D. Webster, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

De Clue Law Group, Joseph L. De Clue and Jackson K. Eskew; Stephen F. Lopez for Plaintiff and Appellant.

Wright, Finlay & Zak, Jonathan M. Zak, James J. Ramos and Michael H. Chang for Defendants and Respondents.

1

Plaintiff and appellant Norma Salinas purchased certain real property using funds from a loan, secured by a deed of trust, in 2005. In 2012, nonjudicial foreclosure proceedings were instituted with respect to the property, but they have not been completed: one trustee's sale was rescinded; both parties represented in briefing in this appeal that the property had not yet been sold again. Plaintiff brought suit against the entity to whom the loan had been assigned,[1] the agent of that entity who recorded the notice of trustee's sale,[2] and defendant and respondent Mortgage Electronic Registration Systems, Inc. (MERS). The trial court sustained defendants'[3] demurrer to plaintiffs' first amended complaint (FAC) without leave to amend. In this appeal, plaintiff contends that each of the causes of action asserted in the FAC is adequate to survive demurrer, and requests leave to amend. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 23, 2005, plaintiff obtained a loan in the amount of $632,572, used to purchase certain real property in Riverside, California, and secured by a deed of trust recorded against the property. MERS is identified as "beneficiary" and "nominee for Lender and Lender's successors and assignees" in the deed of trust. MERS, acting as

---

[1] This entity is defendant and respondent The Bank of New York Mellon, f/k/a The Bank of New York Mellon, as Successor-in-interest to JPMorgan Chase Bank, N.A., as Trustee for Bear Stearns Asset Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2 (BONY Trust).

[2] This is defendant California Reconveyance Company, which filed a declaration of nonmonetary status in the trial court, and is not a party to this appeal.

[3] In this opinion, except where specifically noted, we use the term "defendants" to refer to those defendants who are also respondents.

2

nominee for the lender, assigned the loan to BONY Trust on March 27, 2012. On June 26, 2012, BONY Trust designated California Reconveyance Corporation as trustee under the deed of trust.

On June 27, 2012, a notice of default was recorded against the property. A notice of trustee's sale was recorded on September 28, 2012, and the sale was conducted on October 29, 2012, but the sale was rescinded on January 30, 2013. A new notice of trustee's sale was recorded on June 15, 2013, but according to the parties' briefing on appeal, the property has yet to be sold.

Plaintiff filed the present lawsuit on July 1, 2013, and on October 21, 2013, filed the FAC. The FAC alleges five purported causes of action: (1) cancelation of instruments; (2) to "enjoin foreclosure sale" (capitalization omitted); (3) slander of title; (4) violation of Business and Professions Code section 17200 et seq.; and (5) declaratory relief. These claims arise from the alleged circumstance that the assignment of plaintiff's loan from the originator to the BONY trust was made after the closing date of the BONY trust, and also that the assignment was made while the originator of the loan was in bankruptcy, but without approval by the bankruptcy court.

After a hearing on January 16, 2014, the trial court sustained defendants' demurrer to the FAC. At the request of plaintiff's counsel, it did so without granting leave to amend. Judgment was entered in favor of defendants on January 22, 2014.

## II.  DISCUSSION

### A.  Standard of Review.

"'On review of an order sustaining a demurrer without leave to amend, our standard of review is de novo, "i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law." [Citation.]' [Citation.] ""We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.]"' [Citation.] 'We affirm if any ground offered in support of the demurrer was well taken but find error if the plaintiff has stated a cause of action under any possible legal theory. [Citations.] We are not bound by the trial court's stated reasons, if any, supporting its ruling; we review the ruling, not its rationale. [Citation.]' [Citation.]" (*Walgreen Co. v. City and County of San Francisco* (2010) 185 Cal.App.4th 424, 433.)

### B.  Analysis.

The state of the law regarding foreclosure-related claims has evolved substantially while this appeal has been pending, and plaintiff's arguments have evolved with it. Plaintiff's most recent position is that the trial court erred in sustaining defendant's demurrer, because in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919 (*Yvanova*) the California Supreme Court has "finally addressed most of the arguments made by both Appellant and Respondents in this case," and decided them, according to plaintiff, in her favor. We disagree, for two reasons. First, *Yvanova* on its face is limited in applicability to postforeclosure claims, leaving intact previous authority adverse to

4

plaintiff regarding borrower suits brought to preempt a threatened nonjudicial foreclosure. Second, even assuming plaintiff might be authorized to bring such a suit, she has still failed to plead facts showing the challenged assignment of her loan was void, and not merely voidable, and therefore failed to demonstrate standing under *Yvanova*. Additionally, plaintiff has not shown that she could successfully cure the defects in her pleadings by amendment. We will therefore affirm the judgment.

## A. California Law Does Not Authorize Plaintiff's Suit to Preempt a Threatened Nonjudicial Foreclosure.

In *Yvanova*, the California Supreme Court held that a borrower has standing to sue for wrongful foreclosure where an alleged defect in an assignment of the loan renders the assignment void. (*Yvanova, supra*, 62 Cal.4th at pp. 942-943.) *Yvanova*'s holding, however, is expressly limited to the postforeclosure context: "We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." (*Id.* at p. 924.) As such, *Yvanova* left intact previous authority on the issue: "California courts do not allow such preemptive suits because they 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature.'" (*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 814 (*Saterbak*) [citing *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497 (disapproved on other rounds in *Yvanova, supra*, at p. 939, fn. 13), and *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1156].)

Plaintiff also points to the California Homeowner Bill of Rights (Civ. Code, §§ 2920.5, 2923.4-2923.7, 2924, 2924.9-2924.12, 2924.15, 2924.17-2924.20) (HBOR) to argue standing, suggesting that the combination of *Yvanova* and HBOR places that previous authority on "shaky ground."  HBOR went into effect, however, on January 1, 2013. (Civ. Code, § 2923.4.)  The challenged assignment of plaintiff's loan took place on March 27, 2012.  Plaintiff has failed to point to any authority for the proposition that HBOR was intended to apply retroactively, and we are aware of none.  (*Myers v. Philip Morris Companies, Inc.* (2002) 28 Cal.4th 828, 841 [absent an express retroactivity provision, a statute will not be applied retroactively unless "'*very clear* from extrinsic sources that the Legislature . . . must have intended a retroactive application'"].)  We need not address whether HBOR applies in the manner urged by plaintiff in similar suits involving assignments made on or after January 1, 2013; it suffices to conclude that it does not so apply to her claims.

In short, neither *Yvanova* nor HBOR (nor any other provision of California law) authorizes plaintiff to bring a suit to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed.

**B.  Even If *Yvanova*'s Holding Applied to Preemptive Suits, Plaintiff Has Not Demonstrated Standing.**

Under *Yvanova*, to demonstrate standing to challenge a foreclosure on the basis of an allegedly improper assignment of the loan, the plaintiff must allege specific facts showing the defect in the assignment renders it void, rather than voidable.  (*Yvanova,*

*supra*, 62 Cal.4th at pp. 942-943.)  The facts alleged by plaintiff, however, even if assumed true, would only demonstrate the challenged assignment to be voidable.

Plaintiff asserts that because the challenged assignment occurred on a date when the original lender was in bankruptcy, and because it occurred without the approval of the bankruptcy court, the assignment must have been void.  Not so:  "Transfers of bankruptcy estate property initiated by the debtor are . . . voidable, not void . . . ."  (*Johnson v. E-Z Ins. Brokerage, Inc.* (2009) 175 Cal.App.4th 86, 96-97 [discussing *In re Tippett* (9th Cir. 2008) 542 F.3d 684, 690-691].)

Plaintiff also argues that the assignment is void because it took place after the closing date of the BONY Trust.  Again, plaintiff is incorrect.  The California Supreme Court declined to address the issue in *Yvanova*.  (*Yvanova, supra*, 62 Cal.4th at p. 941.)  But most courts to have addressed it have concluded that an assignment of a deed of trust to a securitized mortgage investment trust after its closing date is voidable, not void.  (*Saterbak, supra*, 245 Cal.App.4th at p. 815 & fn. 5; see *Rajamin v. Deutsche Bank National Trust Co.* (2d Cir. 2014) 757 F.3d 79, 88-89 (*Rajamin*) ["the weight of New York authority is contrary to plaintiffs' contention that any failure to comply with the terms of the PSAs rendered defendants' acquisition of plaintiffs' loans and mortgages void as a matter of trust law"; "an unauthorized act by the trustee is not void but merely voidable by the beneficiary"]; see also *Morgan v. Aurora Loan Services, LLC* (9th Cir. Mar. 28, 2016) 2016 U.S. App. LEXIS 5720, at *6-7 [similar, citing *Rajamin*].)  Plaintiff's arguments to the contrary, based primarily on several unreported decisions by New York trial courts, one of which was subsequently reversed on other grounds, and

7

general authority regarding New York trust law dating from the 19th century, are unpersuasive.

Because plaintiff fails to point to allegations of fact that would establish the challenged assignment to be void, and not merely voidable, she would have failed to establish standing under *Yvanova*, even if that case's holding extended to the preforeclosure context.

## C.  Leave to Amend Was Properly Denied.

Plaintiff argues that, even though her trial counsel preferred judgment to be entered immediately, rather than taking another opportunity to amend the complaint, she has not forfeited the opportunity to request leave to amend on appeal.  Even accepting this argument, however, plaintiff has failed to meet her burden of proving that an amendment would cure the defect.  (See *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  Plaintiff has made no showing, on appeal or below, that she could successfully amend the complaint to cure the defects discussed above.  Leave to amend was therefore properly denied.

## III. DISPOSITION

The judgment is affirmed.  Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

_____HOLLENHORST_____
Acting P. J.

We concur:

_____MILLER_____
J.

_____SLOUGH_____
J.